**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

PEABODY COAL COMPANY,
                    *Petitioner,*

            v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
JAMES R. MOONEY,
                    *Respondents.*

No. 00-1299

On Petition for Review of an Order
of the Benefits Review Board.
(98-1231-BLA)

Argued: January 26, 2001

Decided: May 2, 2001

Before WILKINSON, Chief Judge, WIDENER, Circuit Judge,
and Raymond A. JACKSON, United States District Judge
for the Eastern District of Virginia, sitting by designation.

---

Reversed and remanded by unpublished opinion. Judge Jackson wrote
the majority opinion, in which Chief Judge Wilkinson joined. Judge
Widener wrote a dissenting opinion.

---

## COUNSEL

**ARGUED:** Mark Elliott Solomons, ARTER & HADDEN, L.L.P.,
Washington, D.C., for Petitioner. Roger Daniel Forman, FORMAN &

CRANE, L.C., Charleston, West Virginia, for Respondents. **ON BRIEF:** Laura Metcoff Klaus, ARTER & HADDEN, L.L.P., Washington, D.C., for Petitioner.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

JACKSON, District Judge:

Peabody Coal Company petitions for review of an order of the Benefits Review Board affirming an Administrative Law Judge's award of federal black lung benefits to James Mooney. For the reasons that follow, we reverse and remand.

### I.

James Mooney ("Mooney") worked as a general laborer in the coal mines for twenty-seven years. J.A. 61, 62. His job required him to pull mining cables, shovel dust, dig ditches, wash equipment, and set timbers. J.A. 61. In May of 1987, Mooney quit his job as a general laborer at Peabody Coal Company ("Peabody") because he no longer had enough breath to perform his job. J.A. 61.

As a result of his condition, Mooney has filed three claims for federal black lung benefits. Mooney's first two claims were denied because he failed to prove, *inter alia*, that he suffered from pneumoconiosis. J.A. 7. With respect to Mooney's third claim — which is the subject of this appeal — an administrative law judge ("ALJ") awarded benefits, finding that Mooney had proven the requisite elements by a preponderance of the evidence.[1] The ALJ also addressed whether

---

[1]"In order to obtain federal black lung benefits, a claimant must prove by a preponderance of the evidence that: '(1) he has pneumoconiosis; (2) the pneumoconiosis arose out of his coal mine employment; (3) he has a totally disabling respiratory or pulmonary condition; and (4) pneumoconiosis is a contributing cause to his total respiratory disability.'" *Island Creek Coal Co.* v. *Compton*, 211 F.3d 203, 207 (4th Cir. 2000).

Mooney had shown "a material change in conditions," a requirement for any claimant filing a duplicate claim. 20 C.F.R. § 725.309(d)(1987).**[2]** The ALJ concluded that Mooney had shown a material change by proving — in contrast to his prior claims — that he met all the requirements for benefits eligibility. J.A. 52. The Benefits Review Board ("BRB") affirmed, holding that Mooney had established a material change in conditions by submitting evidence which demonstrated "a reasonable probability that it would change the prior administrative result." J.A. 37.

Peabody subsequently filed a motion for reconsideration with the BRB, requesting that it reconsider its holding in light of *Lisa Lee Mines* v. *Director, OWCP*, 86 F.3d 1358 (4th Cir. 1996), in which we approved of the "one element" standard, requiring a "claimant to *prove*, under all of the probative medical evidence of his condition *after* the prior denial, at least one of the elements previously adjudicated against him" to show a material change in conditions. 86 F.3d at 1362 (emphasis in original). The Board granted the motion for reconsideration, but again concluded that the ALJ's findings were "tantamount to a finding of a material change in conditions under [*Lisa Lee*]" because the ALJ found "that the previously unestablished element of pneumoconiosis was established by the newly submitted evidence." J.A. 30-31.

Peabody then filed an appeal in this court, and we remanded the case to an ALJ by unpublished order for reconsideration in light of *Lisa Lee*. J.A. 28. The ALJ again awarded benefits to Mooney upon remand, concluding that he had demonstrated a material change in conditions by establishing "the existence of pneumoconiosis with

---

**[2]**Section 725.309(d) provided in pertinent part:

In the case of a claimant who files more than one claim for benefits under this part, the later claim shall be merged with the earlier claim for all purposes if the earlier claim is still pending. If the earlier miner's claim has been finally denied, the later claim shall also be denied, on the grounds of the prior denial, unless the deputy commissioner determines that there has been a material change in conditions or the later claim is a request for modification and the requirements of § 725.310 are met.

newly-submitted evidence." J.A. 19. The BRB affirmed, J.A. 12, and Peabody filed a timely petition for review in this court. J.A. 1.

## II.

Peabody argues on appeal that the ALJ erred in determining that Mooney had established a material change in conditions since he failed to prove one of the elements previously adjudicated against him as required by *Lisa Lee*. Specifically, Peabody contends that the ALJ's finding that Mooney has pneumoconiosis — which was the element previously adjudicated against him in his earlier claims — was not supported by substantial evidence. We agree.

We review the BRB's decision by undertaking an independent review of the record to determine whether the ALJ's findings of fact are supported by substantial evidence. *See Island Creek Coal Co.*, 211 F.3d at 208. "'Substantial evidence is more than a mere scintilla'; it is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 207-08 (quoting *Consolidated Edison Co.* v. *NLRB*, 305 U.S 197, 229 (1938)).

In finding that Mooney has pneumoconiosis and thus that he had proven a material change in conditions, the ALJ summarized his findings as follows:

> I interpret Dr. Tuteur's diagnosis of no "significant" coal workers' pneumoconiosis as a positive finding of "insignificant coal workers' pneumoconiosis." I also find Dr. Acosta's diagnosis of coal workers' pneumoconiosis to be adequately documented and reasoned. . . . Relying on the opinions of Drs. Tuteur and Acosta, I find that the newly-submitted evidence establishes the existence of pneumoconiosis.

J.A. 19 (citations omitted). Accordingly, the validity of the ALJ's conclusion that Mooney suffers from pneumoconiosis depends entirely upon the opinions tendered by Drs. Tuteur and Acosta.

Dr. Acosta filled out a standard form provided by the United States

Department of Labor, in which he wrote "Occ. Coal Pneumoconiosis" as his diagnosis and checked a "yes" box that indicated that it was his opinion that the diagnosed condition related to dust exposure "in the patient's coal mine employment." J.A. 78. The form asked for a medical rationale for the diagnosis, but that portion of the form was left blank. J.A. 78. The remaining parts of the form contain general information such as Mooney's medical history, his work history, and findings from his physical examination, J.A. 75-77, but any reasoning supporting Acosta's diagnosis is conspicuously absent. Furthermore, as the ALJ noted, "the record [did not] reflect Dr. Acosta's credentials." J.A. 44. As a result, we hold that the ALJ erred when he credited Acosta's report because it did not provide any explanation or basis for the conclusion that Mooney has pneumoconiosis nor did it even so much as list Acosta's credentials; accordingly, his report cannot be considered "a reasoned medical opinion."[3] 20 C.F.R. § 718.202(a)(4) (requiring that a medical opinion underlying a finding that a claimant suffers from pneumoconiosis be supported by "a reasoned medical opinion"); *see also Lango* v. *Director, OWCP*, 104 F.3d 573, 577 (3d Cir. 1997) ("The mere statement of a conclusion by a physician, without any explanation of the basis for that statement, does not take the place of the required reasoning."); *cf. Milburn Colliery Co.* v. *Hicks*, 138 F.3d 524, 530 (4th Cir. 1998) (holding that an expert who checked a box verifying that a blood gas test was techically acceptable lent little additional persuasive authority to the study).

Although Dr. Tuteur provided a "reasoned medical opinion," his report also fails to provide substantial evidence supporting the ALJ's conclusion that Mooney suffers from pneumoconiosis. Tuteur ultimately concluded that "with reasonable medical certainty, Mr. James

---

[3]We also note that even if Acosta's report could be considered a "reasoned medical opinion," the record is devoid of any evidence that pneumoconiosis was a contributing cause of Mooney's total respiratory disability. At oral argument, Mooney argued that Acosta's report constituted substantial evidence of causation, but our review of that report indicates differently. Acosta opined only that "the diagnosed condition related to dust exposure in the patient's coal mine employment"; he expressed no view regarding whether the "diagnosed condition" was a contributing cause of Mooney's disability.

K. Mooney, Sr. does not have clinically significant, physiologically significant, or radiographically significant coal workers' pneumoconiosis." J.A. 102. The ALJ interpreted that single sentence as a specific "finding of insignificant coal workers' pneumoconiosis." J.A. 11. Although we admit that Tuteur's one-sentence conclusion is susceptible of more than one construction if read in isolation — including the one adopted by the ALJ — we can discern only one plausible interpretation when the statement is properly read in context. *See Piney Mountain Coal Co.* v. *Mays*, 176 F.3d 753, 763 (4th Cir. 1999) (reading a physician's opinion in its "full context"). That is, although inartfully drafted, Tuteur was expressing an opinion that Mooney does not suffer from pneumoconiosis.

The absence of any other statements or findings in Tuteur's report that identify the presence of pneumoconiosis, insignificant or otherwise, supports a finding of no pneumoconiosis. First, Tuteur found no indication of pneumoconiosis in Mooney's blood gas tests, x-rays, or any of the other tests that he reviewed. J.A. 100, 102. Second, Tuteur explicitly attributed Mooney's breathlessness not to pneumoconiosis, but entirely to "a primary pulmonary disorder, other than coal worker's pneumoconiosis (chronic obstructive pulmonary disease), and arteriosclerotic heart disease of substantial severity." J.A. 101; *see also* J.A. 102 (opining that Mooney's "primary pulmonary process, namely cigarette-smoke-induced chronic obstructive pulmonary disease . . . accounts for his respiratory symptoms"). Tuteur further found that Mooney's other symptoms are "not regular features of coal workers' pneumoconiosis." J.A. 101. Indeed, there is not even a single sentence — other than the one misconstrued by the ALJ — that even arguably supports the ALJ's interpretation that Tuteur diagnosed "insignificant pneumoconiosis." Accordingly, we hold that the ALJ drew an unreasonable inference from Tuteur's report; rather than supporting the ALJ's decision, the only logical reading is that it constitutes substantial evidence that Mooney *does not* have pneumoconiosis.

## CONCLUSION

In sum, Mooney was required to prove, *inter alia*, a material change in conditions in order to receive federal black lung benefits. The reports submitted by Drs. Acosta and Tuteur, however, do not

constitute substantial evidence of pneumoconiosis and are thus insufficient to establish a material change in conditions. We therefore reverse the order of the BRB and remand for entry of an appropriate order denying benefits to Mooney.[4]

*REVERSED AND REMANDED*

WIDENER, Circuit Judge, dissenting:

I respectfully dissent.

I would affirm on the opinion of the Benefits Review Board.

---

[4]In light of our conclusion that the ALJ's decision was not supported by substantial evidence, we need not address Peabody's other contentions on appeal.